UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRAD A. ADAMS                                    CIVIL ACTION

VERSUS                                           NO. 06-11388

LEXINGTON INSURANCE COMPANY,                     SECTION "C" (1)
ET AL


ORDER AND REASONS

IT IS ORDERED that:

1.  The motion for summary judgment filed by American International Group, Inc. ("AIG") is GRANTED. (Rec. Doc. 71). The plaintiff appears to agree that AIG was not an insurer of the alleged losses. The plaintiff otherwise fails to raise a genuine issue of material fact that AIG was involved in his claim in any manner other than as a holding company. Instead, it appears that the plaintiff relies solely on the use of the domain name @AIG.com as the basis of the claims against AIG, even though the subject emails seem to clearly identify the insurer as Lexington Insurance Company ("Lexington").

1

2. The motion for partial summary judgment filed by Lexington and AIG is GRANTED . (Rec. Docs. 91, 92). The plaintiff does not present any legal argument in opposition to this motion and apparently agrees that the policy language qualifies for inclusion under the rule recognized in *Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008) and *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 430 (5th Cir. 2007). The defendants are entitled to a ruling that there is no coverage under the policy for any damage caused by wind and flood , or by wind "concurrently or in any sequence with" water, even if the loss occurs sequentially and not simultaneously. This would include damage below the floodline unless that damage is caused solely by wind. The plaintiff does not provide a specific example of damage below the floodline that was caused by wind alone, and the Court is at odds to imagine one. To this extent, the plaintiff's evidence, expert and otherwise, that certain items of damage were caused by wind alone, may not survive challenge at trial in the absence of evidence that water was not involved at all in causing at least some damage. The fact that damage was predominantly wind-caused is of no moment, and the fact that plaintiff himself repaired any water damage may or may not be relevant. It is incumbent on the plaintiff to accept this rule of law in his presentation of

evidence at trial.

3. The motion for partial summary judgment filed by Lexington and AIG is GRANTED. (Rec. Doc. 93). The plaintiff is arguing against himself in refusing the benefit of the mold exclusion listed on the schedule, allowing for a $5,000.00 limit, in lieu of the mold exclusion actually attached to his policy, which allows for no coverage. At the same time, the plaintiff appears to argue that the mold exclusion set forth in the schedule does apply. The plaintiff's confused argument is otherwise based on an apparent misreading of Exclusion E, which pertains only to suits brought against an insured.

4. The motion for summary judgment filed by Lexington and AIG is PARTIALLY GRANTED and PARTIALLY DENIED. (Rec. Doc. 94). The plaintiff argues that he has never argued that he sustained a total loss and, therefore, the flood recovery was only partial. The defendants argue that his residence was insured for $450,000.00 under the Lexington policy and that his wind damages alone exceed that amount. They seek a declaration that "Plaintiff is only entitled to recover any previously uncompensated losses covered by the Lexington policy, and which when combined with the amount Plaintiff received from his flood carrier, do not exceed his Lexington policy limits." (Rec. Doc. 120), p. 6). The

Court agrees with the defendants that only uncompensated losses are recoverable. The determination whether offset otherwise applies depends, in part, on the pre-storm value of the insurable property. Here, the plaintiff does not claim a total loss and apparently maintains the value of the building and contents at the time of the storm is more than $800,000.00.[1] "Compensation for property which is lost or destroyed is the value of the property at the time of the loss." *Ferguson v. State Farm Insurance Co.*, 2007 WL 1378507 (E.D.La.), quoting *Hammett v. New Orleans Diamond & Jewelry Wholesalers, Inc.* 580 So.2d1077, 1082 (La. App. 4th Cir. 1991). Because insurance policies are policies of indemnity, windfall profits are not allowed. *Ferguson, supra*.

5. The motion for partial summary judgment filed by Lexington and AIG is PARTIALLY GRANTED AS UNOPPOSED and PARTIALLY DENIED WITHOUT PREJUDICE. (Rec. Doc. 95). The defendants seek a ruling that the 2006 amendments to La. Rev. Stat. 22:658, effective August 15, 2006, do not apply. The plaintiff argues first, that certain inspections were conducted after the

---

[1] The plaintiff's argument seems to rely, in part, on a misreading of *Esposito v. Allstate Insurance Co.*, 2007 WL 1125761 (E.D.La) with reference to the rule that the combined wind and flood recovery can not exceed the value of the "claim," as opposed to the value of the "property" at the time of the loss. (Rec. Doc. 113, p. 11).

effective date of the statute regarding losses totalling $26,890.86, based on a February 29, 2008, expert report, that only approximately $17,000.00 has been paid, making the amendments applicable under *Dickerson v. Lexington Insurance Co.*, 2009 WL 130207 (5th Cir.), (Rec. Doc. 114, pp. 13-14). The plaintiff next argues that the defendants' actions after the effective date are the only subject of his claims because he did not file a satisfactory proof of loss until November13, 2007, so that his cause of action under the statute accrued on December 13, 2007. The defendants' motion does not address this argument. The Court construes the plaintiff's argument as recognizing the non-recoverability of enhanced damages for all claims made the subject of this suit prior to December 2007.

6. The motion for summary judgment filed by Lexington and AIG is GRANTED. (Rec. Doc. 96).[2] The relevant portions of Fed. R. Civ. P. 15(c) provides that relationship back of amended pleadings is allowed only when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." The plaintiff's

---

[2] The Court does not understand the relevance of the parties' arguments as to the prescriptive period of a claim for looting. There is no issue that the defendant was involved in the alleged looting as a tortfeasor. Instead, the issue appears to be the timeliness of a filing of a claim in this Court under the policy provisions.

original petition sought damages "from Hurricane Katrina on or about August 29, 2005." (Rec. Doc. 1, ¶ 5). His claims for losses from looting and Hurricane Rita were first made in amended complaint filed on July 3, 2008. (Rec. Doc. 47). The plaintiff, who has been represented by counsel since filing suit, presents a number of arguments: (1) that the defendants were given notice of the new claims in a timely manner, in part because he did not file a claim with the defendants until after both had occurred; (2) the plaintiff did not state that the damages were "solely" from Katrina in his original petition when he stated that his property "sustained significant damage due to wind and rain from Hurricane Katrina on or about August 29, 2005." (Rec. Doc. 1, ¶ 5)[3]; (3) the provision that suit be filed within one year is null and void; (4) Louisiana law now provides that both Katrina and Rita related claims can now be filed until September 1, 2007, and October 1, 2007, respectively; (5) his claims have not prescribed because repairs are not complete; (6) Louisiana procedure and not Rule 15 ( c ) applies because suit was originally filed in state court[4]; (7) any looting claim has

---

[3] The Court notes that it asked for affirmative proof of amounts of damages sustained shortly after removal and the plaintiff did not mention Rita-related damages or looting. (Rec. Doc. 5).

[4] The provisions of La. Code Civ. Pro. 1153 are virtually identical to 15(c)(1)(B).

a prescriptive period of ten years. Much of the plaintiff's argument is offered without legal authority in support. The parties appear to agree that the amended complaint was filed late even under the extended twenty-four month filing deadline of La. Rev. Stat. § 22:629. The Court finds that the claims for Rita damages and looting contained in the amended complaint do not relate back and are otherwise barred by the policy provisions, as altered by La. Rev. Stat. § 22:629..[5]

7. The motion for partial summary judgment filed by Lexington and AIG is GRANTED as unopposed. (Rec. Doc. 97).

8. The motion for partial summary judgment filed by Lexington and AIG is GRANTED as unopposed. (Rec. Doc. 98).

9. The motion for partial summary judgment filed by Lexington and AIG is GRANTED. (Rec. Doc. 99). The defendants seek a ruling that any property damage caused by power failure is excluded under the Power Failure Exclusion. The plaintiff argues that the cause of the power outage must be considered because the policy does not exclude all damage caused by power outage and that

---

[5] The Court construes the defendants' argument as addressing the deadline for filing suit against the insurer, not the timeliness of the notice of a claim.

his outage was caused by damage from the power line to the home's meter, although the power line goes from the plaintiff's meter under a neighbor's driveway to the pole. (Rec. Doc. 114, p. 31). There is agreement that coverage is allowed for damage if the cause of the power failure occurred on "residence premises." In this case, the policy defines the residence premises as the plaintiff's address, not his neighbor's. In addition, the plaintiff has provided expert opinion that none of the plaintiff's electrical equipment was damaged and that any power outage would have occurred at the connection points on the lines located on the pole. The plaintiff's argument appears disingenuous, and summary judgment is appropriate on this issue.

10. The motion for partial summary judgment filed by Lexington and AIG is DENIED. (Rec. Doc. 100). The movers acknowledge that their argument was rejected in *Dickerson v. Lexington Insurance Co.*, 2009 WL 130207 (5th Cir.). The Court does not address whether such damages would be awardable under the circumstances presented, when compared to those in *Dickerson*. The Court does not otherwise address whether these damages are otherwise warranted under the circumstances presented as a matter of law.

11. The motion for partial summary judgment filed by Lexington and AIG is

DISMISSED WITHOUT PREJUDICE. (Rec. Doc. 101). The Court agrees that the following language in *Dickerson* is dicta:

> Thus, once Dickerson proved his home was damaged by wind, the burden shifted to Lexington to prove that flooding caused the damage at issue, thereby excluding coverage under the homeowner's policy. As no one disputes that at least some of the damage to the Dickerson home was covered by the homeowner's policy, Lexington had to prove how much of that damage was caused by flooding and was thus excluded from coverage under the policy.

*Dickerson*, 2009 WL 130207 at *3. The Court also recognizes that it is widely held that under Louisiana law, once damage by an excluded peril is shown by the insurer, the burden shifts to the plaintiff to segregate the damages caused by a covered peril. See e.g. *Hyatt v. State Farm Insurance Co.*, 2008 WL 544182 (E.D.La.)(J. Vance). The Court will revisit this issue and hopes that there is greater clarity as to the intent of the language in *Dickerson* at the time of trial.

New Orleans, Louisiana, this 11th day of February, 2009.

                                          HELEN G. BERRIGAN
                                          UNITED STATES DISTRICT JUDGE